UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------- x

1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

                    Plaintiff,

CONCORD NURSING AND REHABILITATION
CENTER, INC.

                    Defendant.

------------------------------------------------------- x

    Plaintiff, 1199 SEIU UNITED HEALTHCARE WORKERS

EAST ("Plaintiff" or "Union"), by its attorneys, Meyer, Suozzi,

English & Klein, P.C., as and for its Complaint respectfully

alleges as follows:

### NATURE OF PROCEEDING

    1.    Plaintiff sues to confirm a labor

arbitration award pursuant to Section 301(c) of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. Section 185(c).

### JURISDICTION

    2.    This Court has jurisdiction over this

proceeding pursuant to Section 301(c) of the LMRA, 29 U.S.C.

Section 185(c).

### VENUE

    3.    Venue is proper in this District pursuant to

Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

## THE PARTIES

4.    Plaintiff Union, whose offices are located at 310 West 43rd Street, New York, New York, is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

5.    Defendant Concord Nursing and Rehabilitation Center, Inc. ("Concord") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. Section 152(2).  Concord's activities affect commerce within the meaning of Sections 2(6) and 2(7) of the LMRA, 29 U.S.C. Section 152(6) and (7).

## BACKGROUND

6.    Pursuant to a Memorandum of Agreement dated July 26, 2004, Concord is bound by a collective bargaining agreement between the Union and the Greater New York Health Care Facilities Association, Inc. (the "CBA").  Copies of the Memorandum and the CBA are attached as Exhibit 1.

7.    Section 23 of the CBA requires that Concord make payments to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund") for all covered employees.

8.    Section 25 of the CBA requires that

-2-

Concord make payments to the 1199/SEIU Greater New York
Education Fund("Education Fund") for all covered employees.

        9.    Section 26 of the CBA requires that

Concord make payments to the 1199/SEIU Greater New York Job
Security Fund ("Job Security Fund") for all covered employees.

        10.   Section 27 of the GNY CBA requires that

Concord make monthly payments to the 1199/SEIU Greater New York
Participation Fund ("Worker Participation Fund") for all covered
employees.

        11.   Section 28 of the CBA requires that

Concord make payments to the 1199/SEIU Greater New York Child
Care Fund("Child Care Fund") for all covered employees.

        12.   In accordance with the CBA, any unresolved
dispute concerning an employer's failure to make required
contributions to the Benefit, Education, Child Care, Worker
Participation, and Job Security Funds (together, the "Funds") is
submitted to a designated Impartial Chairman to render a final
and binding decision.

        13.   Section 9 of the CBA contains a broad
arbitration provision under which the Union submitted to

-3-

arbitration a dispute concerning Concord's failure to remit payment of contributions on behalf of its employees to the Funds.

## AS AND FOR ITS FIRST CAUSE OF ACTION

14. The Union repeats and realleges the allegations set forth in paragraphs "1" through "13" as stated above.

15. In accordance with the CBA, the Union submitted to arbitration before a duly designated Arbitrator, Martin F. Scheinman, Esq., a dispute concerning Concord's failure to remit contributions to the Funds due and owing for the period April 30, 2002 through March 31, 2007.

16. In accordance with notice duly given, Arbitrator Scheinman held a hearing on May 2, 2007 concerning Concord's failure to remit contributions to the Funds.

17. After due consideration of all the evidence presented, in an award dated December 12, 2007 (the "the December 12 Award") Arbitrator Scheinman ruled that Concord violated the CBA by failing to make the required contributions to the Funds. A copy of the December 12 Award is attached as

-4-

Exhibit 2. The Arbitrator directed Concord to pay the Funds as follows:

### Benefit Fund

$304,009.81

### Education Fund

$5,665.74

### Child Care Fund

$2,655.01

### Job Security Fund

$15,179.89

### Worker Participation Fund

$755.90

"Failure to pay in a timely fashion shall result in interest accruing at the interest rate of twelve percent (12%) per annum."  December 12 Award at p. 4.

18.   The Arbitrator sent written notice of his award to the Union and Concord.

19.   Concord has failed and refused, and continues to fail and refuse, to comply with the December 12 Award.

WHEREFORE, the Union respectfully prays for an Order and Judgment:

1.    Confirming the December 12 Award of Martin F. Scheinman, Esq.

2.    Directing Concord to pay the Funds the following sums, plus 12% interest from January 12, 2008 until payment is received:

| | |
|---|---|
| Benefit Fund | $  304,009.81 |
| Education Fund | $      5,665.74 |
| Child Care Fund | $      2,655.01 |
| Job Security Fund | $    15,179.89 |
| Worker Participation Fund | $         755.90 |
| **TOTAL** | **$  328,266.35** |

3.    Granting such other and further legal and equitable relief as the Court may deems just and proper, together with the reasonable attorney's fees and costs and disbursements for this proceeding.

Dated:    New York, New York
          February 14, 2008

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

Lowell Peterson (LP 5405)
Attorneys for Plaintiff
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0026
212-239-4999
lpeterson@msek.com

-7-

92818

```
AWARD OF THE IMPARTIAL CHAIRMAN
--------------------------------------X
In the Matter of the Arbitration
                                      X
          between
                                      X  Re: Delinquencies
CONCORD NURSING AND                          April 30, 2002 -
REHABILITATION CENTER, INC.           X      March 31, 2007

                      "Home"          X

          -and-                       X

1199SEIU                              X
UNITED HEALTHCARE WORKERS EAST
                                      X
               "Union"
                                      X

--------------------------------------X
```

**APPEARANCES**

>    **For the Home**
>    JEFFREY A. RUSS, P.L.L.C.
>      Jeffrey A. Russ, Esq.


>    **For the Union**
>
>    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
>      Linda E. Rodd, Esq., of Counsel

**BEFORE**: Martin F. Scheinman, Esq., Impartial Chairman

**OPINION**

The undersigned is designated as Impartial Chairman in a Collective Bargaining Agreement between Concord Nursing and Rehabilitation Center, Inc. ("Home") and 1199SEIU United Healthcare Workers East.

The Union filed a Demand for Arbitration on behalf of the 1199/SEIU Greater New York Benefit Fund, the 1199/SEIU Greater New York Pension Fund, the 1199/SEIU Greater New York Education Fund, the 1199/SEIU Greater New York Child Care Fund, the 1199/SEIU Greater New York Job Security Fund and the 1199/SEIU Greater New York Worker Participation Fund ("Funds") seeking contributions for the Home's alleged delinquencies in contributions for the period April 30, 2002 through March 31, 2007.

A hearing was held on May 2, 2007.[1]  At that time, both parties were afforded full opportunity to introduce evidence and argument in support of their respective positions.  They did so. The hearing and record were declared closed on May 2, 2007.

I am mindful of the Home's claim regarding the circumstances it faces because of certain financial difficulty.  However, while I am mindful of these concerns, they cannot excuse the obligation of the Home to pay the amounts due. I find the Funds have

---

[1] The hearing originally scheduled for April 24, 2007, was adjourned at the request of the Home.

Subject to any payments made, the amounts due to the Funds through May 31, 2007, are as follows:[2]

| | |
|---|---|
| 1199/SEIU Greater New York<br>Benefit Fund | $ 304,009.81 |
| 1199/SEIU Greater New York<br>Nursing Home Education Fund | $   5,665.74 |
| 1199/SEIU Greater New York<br>Nursing Home Child Care Fund | $   2,655.01 |
| 1199/SEIU Greater New York<br>Nursing Home Job Security Fund | $  15,179.89 |
| 1199/SEIU Greater New York<br>Worker Participation Fund | $     755.90 |

These amounts must be paid within thirty (30) calendar days. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office receives  actual payment.

---

[2]At the hearing, Mr. Russ indicated certain payments were in the process of being paid. Therefore, I arranged for an updated Statement of Position from the Funds' Office. In fact, the balance due for the applicable period has been reduced by about sixty two thousand dollars ($62,000.00). Given the timing of this Opinion and Award, the entire balance is now due within thirty (30) calendar days.

**AWARD**

1.  Subject to audit, the Home owes the various Greater New York Funds the amounts listed below as a result of delinquencies through:

| | |
|---|---|
| 1199/SEIU Greater New York Benefit Fund | $ 304,009.81 |
| 1199/SEIU Greater New York Nursing Home Education Fund | $ 5,665.74 |
| 1199/SEIU Greater New York Nursing Home Child Care Fund | $ 2,655.01 |
| 1199/SEIU Greater New York Nursing Home Job Security Fund | $ 15,179.89 |
| 1199/SEIU Greater New York Worker Participation Fund | $ 755.90 |

2.  These amounts must be paid within thirty (30) calendar days of this Opinion and Award.

3.  Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

December __, 2007.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman


STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )


4

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

December /  , 2007.

_____
Martin F. Scheinman, Esq.,
Impartial Chairman

CONCORDFUNDS.AWD.30DAY

5