UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

1199/SEIU UNITED HEALTH CARE
WORKERS EAST,

                  Plaintiff,

      – against –

CONCORD NURSING AND
REHABILITATION CENTER, INC.,

                  Defendant.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/10

08 Civ. 1542 (TPG)

**OPINION**

      Plaintiff 1199/SEIU (the "Union") sues to confirm and enforce a labor arbitration award dated December 12, 2007. The award requires defendant Concord to make payments to what are called 1199/SEIU Greater New York funds, including the Benefit Fund, the Education Fund, the Job Security Fund, the Worker Participation Fund, and the Child Care Fund (collectively the "Funds").

      Plaintiff now moves for summary judgment. The motion is granted.

### Facts

      Plaintiff sues to confirm and enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff is a labor organization within the meaning of LMRA § 2(5), 29 U.S.C. § 152(5), and defendant is an employer within the meaning of LMRA § 2(2), 29 U.S.C. § 152(2).

Pursuant to a Memorandum of Agreement dated July 26, 2004 (the "MOA"), Concord is bound by a collective bargaining agreement (the "CBA") between the Union and the Greater New York Healthcare Facilities Association. The CBA requires Concord to make payments to the Funds.

Section 9 of the CBA contains an arbitration provision requiring that all unresolved disputes concerning an employer's failure to make fund contributions be submitted to a designated Impartial Chairman for final and binding arbitration.

In April 2007, pursuant to Section 9 of the CBA, the Union duly requested arbitration concerning Concord's failure to make payments to the Funds for the period April 30, 2002 through March 31, 2007.

On December 12, 2007, following a hearing, the arbitrator issued an award directing Concord to make the following payments to the Funds:

- Benefit Fund - $304,009.81
- Education Fund - $5,665.74
- Child Care Fund - $2,655.01
- Job Security Fund - $15,179.89
- Worker Participation Fund - $755.90

The total of these amounts is $328,266.35.

There is occasional mention in the moving papers of a sixth fund, the Pension Fund, and an amount owing to this fund of $858.54. However, the arbitrator considered only the five funds listed above, and the complaint seeks an order and judgment only with respect to these five funds. Any payments owed to the Pension Fund are thus outside the scope of this action.

The December 12 Award required these amounts to be paid within thirty

calendar days, and stated that failure to pay in a timely fashion would result in interest accruing at the rate of 12% per annum.

Concord has since made certain payments to the Benefit Fund pursuant to the Award: on October 31, 2008, $20,000; on February 12, 2009, $124,458.52; and on April 14, 2009, $25,000. Concord has made no other payments due under the Award.

After receiving the above payments, the Funds provided Concord with Statements of Position ("SOPs") which laid out the payments made and the amounts remaining due pursuant to the December 12 Award, including interest accrued, which, as of November 25, 2009, were as follows:

- Benefit Fund - $134,511.29
- Education Fund - $5,665.74
- Child Care Fund - $2,655.01
- Job Security Fund - $15,179.89
- Worker Participation Fund - $755.90

Interest was calculated as of November 13, 2009.

### **The Motion**

Plaintiff now moves for summary judgment (1) confirming the December 12, 2007 arbitration award; and (2) directing defendant to pay the above sums, plus 12% interest accruing between November 13, 2009 and the entry of judgment, plus post-judgment interest at the statutory rate, plus attorney's fees, costs, and disbursements.

In response to plaintiff's Motion for Summary Judgment, defendant filed a January 15, 2010 Affirmation (the "Russ Affirmation") and a Statement of Disputed Material Facts, but no Memorandum of Law.

- 3 -

**Discussion**

I.    Standard of Review

The Supreme Court has made it clear that arbitration awards rendered pursuant to collective bargaining agreements are to be accorded great deference. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504 (2001) ("Garvey"). It is only when the arbitrator strays from interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" that his decision may be unenforceable. Garvey, 532 U.S. at 509, quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).

II.    Motion for Summary Judgment

Defendant argues that the Russ Affirmation and Defendant's Statement of Disputed Material Facts raise four issues of material fact sufficient to defeat the motion for summary judgment: (1) the arbitrator, without explanation, awarded more than $100,000 in excess of the amount demanded by the Union; (2) the Union had ex parte communication with the arbitrator even though nothing in the MOA, the CBA, or the law permits it; (3) the arbitrator awarded interest to plaintiff at 12% per annum even though there is no authority in the MOA or the CBA for the arbitrator to award interest in any amount; and (4) Concord has made payments to the Funds which were not credited as payments towards the arbitration award. In light of these alleged disputed issues of material fact, defendants argue, the motion for summary judgment should be denied and the matter set down for trial.

1. Alleged Excess Award

Concord asserts that summary judgment should be denied because "the Arbitrator exceeded his authority by awarding more than the amount requested by the Union in its submission to arbitration." Defendant's 56.1 ¶ 27. It is defendant's position that the arbitrator awarded more than $326,000 despite the fact that the amount in controversy submitted by the Union was only $221,143.55. Answer ¶ 10.

In reaching this conclusion, defendant points to a November 13, 2006 letter from the office of the 1199 SEIU Benefit and Pension Funds (the "Funds' Office") to Concord, requesting the $221,143.55. However, the November 13, 2006 letter does not purport to set out the amount demanded by the Union at arbitration. In fact, this letter expressly states that it details the amounts due on an audit for the period January 1, 2000 through December 31, 2005. The arbitration demanded by the Union in this matter concerned Concord's failure to make payments to the Funds for the period April 30, 2002 through March 31, 2007. Thus, the November 13, 2006 letter covers a period beginning earlier and ending earlier than the period at issue in this case. Defendant's contention has no merit.

2. Alleged Ex Parte Communication

Defendant argues that summary judgment cannot be granted because the arbitrator had ex parte communications with the Union. In support of this assertion, defendant cites to the December 12 Award, footnote 2 of which states:

> At the hearing, Mr. Russ [counsel for Concord] indicated certain payments were in the process of being paid. Therefore, I arranged for an updated Statement of Position from the Funds' Office. In fact, the balance due for the applicable period has been reduced by about sixty two thousand dollars ($62,000.00).

It appears that there was "ex parte communication" on the part of the arbitrator. However, this communication was not with the Union, as defendant claims, but with the Funds' office, which is a separate entity. Further, this communication was made in response to defense counsel's indication that certain defense payments had not been credited, and pursuant to an understanding reached at the arbitration. As a result of this communication, the award granted to the Union was actually <u>reduced</u> by approximately $62,000. The ex parte communication does not invalidate the award.

3. <u>Allegedly Unauthorized Award of 12% Interest</u>

In its Statement of Disputed Material Facts, defendant asserts that the arbitrator did not have authority to award interest at the rate of 12% per annum. Defendant's 56.1 ¶¶ 17, 26, 28.

However, as stated in articles 23(E), 25(E), 26(E), 27(E), and 28(E) of the CBA, which was in effect at all relevant times, the "parties understand that [the Fund] will be held and managed under the terms and provisions of an Agreement and Declaration of Trust executed in connection with the said Fund."

The Agreements and Declarations of Trust ("Trust Agreements") establishing the funds each contain slightly different language and provisions with respect to interest charged on delinquent employer contributions:

- The Benefit Fund (formerly the "Welfare Fund") Trust Agreement provides that interest is to be charged at the rate of 1% per month simple interest. Article V, § 11.

- The Education Fund Trust Agreement provides that interest may be charged "at such rate as the Trustees shall from time to time determine." Article V, § 5. As set forth in § 7 of the Funds' Delinquency Collection Guidelines, the Fund Trustees determined that "interest shall be calculated and assessed at an annual rate of twelve (12%) percent or the prime rate plus 3%, whichever is greater."

- The Child Care Fund Trust Agreement provides that interest shall be charged at 1% per month "or at such rate as the Trustees may from time to time determine." Article V, § 2.

- The Job Security Fund Trust Agreement provides that interest shall be charged at 1% per month "or at such rate as the Trustees may from time to time determine." Article V, § 2.

- The Worker Participation Fund Trust Agreement is not provided to the court. The Funds' Delinquency Collection Guidelines, which appear from the cover page to apply to the Worker Participation Fund, do provide in § 7 that "interest shall be calculated and assessed at an annual rate of twelve (12%) percent or the prime rate plus 3%, whichever is greater."

The CBA incorporates the Trust Agreements, most of which authorize interest at the rate of 1% per month, and in one case expressly state in simple interest. Simple interest at 1% per month is equal to 12% per year. The relevant document for the Worker's Participation Fund expressly authorizes 12% interest per year. The arbitrator was surely authorized to award interest at 12% per annum.

4. Allegedly Uncredited Payments

Concord argues that it "made payments which were not credited as payments of the Arbitration Award." Defendant's 56.1. As evidence, defendant offers Exhibit 2 to its Answer, which consists of a series of checks paid from

Concord to the Funds. However, with the exception of checks for March 2007 benefits, which were credited against the amount due from Concord, all of the checks in Answer Exhibit 2 are payments for periods post-dating the period covered by the Award, and are therefore irrelevant to this dispute. This is shown by the following.

Answer Exhibit 2(a) consists of nine checks from Concord to "1199 SEIU Welfare Benefits." The first of these checks – Concord check number 57115 – contains a description stating "MAR 2007 BENEFITS," and is in the amount of $50,068.21. Concord was credited with this amount for the payroll period of March 2007, as shown in a statement rendered to Concord on February 17, 2009. The next eight checks state in their descriptions that they cover the months of April through November 2007. Because the Award only seeks contributions for periods up to and including March 2007, these payments are not applicable to the Award, and were thus properly not credited against the amount due thereunder.

Exhibits 2(c), 2(d), and 2(e) again refer (1) to checks to Funds for March 2007 benefits, which were credited against Concord's obligations under the Award, and (2) to checks for the months April through November 2007, periods not covered by the Award.

There is no reason to believe that the Funds failed to properly credit the payments made by Concord against what was due under the Award.

- 9 -

## **Conclusion**

The court concludes that Concord's objections to the December 12, 2007 Arbitration Award are unfounded. Plaintiff's motion for summary judgment is granted.

Settle judgment.

SO ORDERED.

Dated: New York, New York
August 27, 2010

_____
Thomas P. Griesa
U.S.D.J.